JOHN VAN RISWICK *vs.* ISAAC N. GOODHUE.

*Mortgage not invalid by reason of the detachment of the Seal
    after its execution—Onus of proof—Priority of Mortgage
    over Judgment creditors.*

To secure payment of his note to a corporation, E. S. C. executed
    an instrument of writing, intended to be a mortgage of his real
    estate, to the actuary of the company; the affidavit to the consid-
    eration being made by its duly authorized officer. The appellee
    advanced the money, less an amount credited on the note, and the
    note and the mortgage were assigned to him, and the mortgage
    recorded. After the same was recorded, it was discovered to be
    without a seal.

The appellant, a subsequent judgment creditor and the purchaser of
    the land at sheriff's sale, under another creditor's judgment,
    assumed the mortgage to be defective on the ground alleged, that
    it was not sealed by the mortgagor. On a bill filed by the appellee
    to establish the validity of the mortgage and to procure a sale of
    the mortgaged premises for the payment of the complainant's debt,
    it was HELD:

1st. That the mere signing of the paper without the attachment of
    the seal was inconsistent with its declaration, that it was signed
    and sealed by the grantor; and the preponderance of evidence also
    being, that it was signed and sealed at the time of its execution
    and acknowledgment, the mortgage was not to be avoided because
    of the absence or detachment of the seal afterwards. The *onus* of
    proof that it was detached before it reached the clerk's office for
    record was thrown on the appellant.

2nd. That the mortgage being a valid conveyance for the purposes
    therein declared, the appellee must be treated in equity as holding
    all the rights and equitable liens of the mortgagee upon the prop-
    erty embraced in the mortgage.

APPEAL from the Circuit Court for Prince George's
County, in Equity.

Riswick *vs.* Goodhue.

This was a proceeding in equity by the appellee, to establish the validity of a deed of mortgage, (discovered to be without a seal after having been recorded,) and to give the complainant the benefit of his lien upon the mortgaged premises, as against the mortgagor and his creditors, both prior and subsequent to its date, and to obtain a decree for the sale of the land for payment of the complainant's debt. The decree being in favor of the complainant, John Van Riswick, one of the defendants, and a creditor of the mortgagor, and purchaser of the land at sheriff's sale, appealed.

The case is further stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BOWIE, STEWART, MILLER and ALVEY, J.

*T. A. Lambert* and *Jos. K. Roberts, Jr.,* for the appellant.

Mortgages and conveyances, which are not under seal, are not entitled to be recorded, and if recorded, do not impart notice to subsequent incumbrancers. *Recouillat vs. Sansevain,* 32 *Cal.,* 376; 1 *Story Eq. Jur., secs.* 401, 403; 4 *Kent,* \*174.

The defective registry of a deed is a nullity, and actual notice, even of such an instrument, will inform the purchaser of nothing but an abortive attempt to create a lien where none could exist. *Per curiam, in Goepp vs. Gartiser,* 35 *Penna.* 133, citing *Magan vs. Garrett,* 1 *Casey,* 319–22; *Bolton vs. Johns,* 5 *Barr.,* 149; *Sixth Ward Build. Assoc'n vs. Wilson,* 41 *Md.,* 513.

The affidavit borne upon the so-called mortgage is clearly not such an one as is required to be made by Art. 24, sec. 29, of the Code.

The policy of this enactment was, evidently, to prevent fraud, deceit, and the execution of merely colorable mortgages.

The truth of the affidavit made by the actuary, Daniel L. Eaton, is contradicted by the appellee's own testimony.

No consideration whatever passed from the said Eaton, or the company whereof he was an officer, to the mortgagor.   Neither was the sum of $2500 ever paid on the delivery of said so-called mortgage or at any other time. It will not avail the appellee that he paid $2200 on the subsequent assignment of this defectively recorded instrument.   It was rendered none the less colorable on that account.   He is powerless, for any such reason as that, to claim in a Court of law, or of equity, the benefit of an affidavit made to a fact that never existed, by one who never. in truth, was entitled to make it.

*Phil. H. Tuck* and *William H. Tuck*, for the appellee.

The proof establishes the fact, that a seal was attached to the mortgage at the time of its execution.   It so appeared from an examination of the instrument itself, there being an impression on the paper indicating the fact.   To the same effect was the evidence of the Commissioner before whom the mortgage was acknowledged, of Goodhue and of another, who were experts.   1 *Greenleaf's Evidence*, sec. 440; *Follett's Heirs vs. Roes*, 3 *McLane*, 332; *Matt. Presumptive Evidence*, 39; 17 *Mass.*, 488; 11 *Mass.*, 227.

The seal having become detached by accident, equity will grant relief.   *Mitford's Pleading, title Accident*, 106, (*old edition;*) 1 *Maddox Chancery, title Accident*, 24; 1 *Story's Equity*, sec. 95, 109, 174.

Accidents and mistakes are relieved against. *Rhodes vs. Vincent*, 9 *Gill*, 169; *Taylor vs. Wheeler*, 2 *Vernon*, 564; *Simmes vs. Simmes*, 7 *H. & J.*, 388.

Courts of equity will execute an agreement for a mortgage and other equitable liens against prior and subsequent creditors, and against the very terms of the Registry Laws.   *Alexander vs. Ghiselin*, 5 *Gill*, 181; *Price*

*vs. McDonald,* 1 *Md.,* 415; 1 *Smith's Leading Cases in Equity,* 465, 466; *Read vs. Gaillard, Adm'r,* 2 *Desaussure,* 552; *Menude vs. Delaire,* 2 *Desaussure,* 565; *Welsh vs. Alsher,* 2 *Hill's Chancery,* 167 and 170; *In the Matter of Howe,* 1 *Paige,* 125; *Dowe vs. Kerr,* 1 *Spear's Equity,* 414 and 417.

A contract *in rem* gives a lien superior to that of a judgment. *Adams' Equity,* 350; 6 *Md.,* 71; 3 *Md. Ch.,* 488; *Hampton vs. Edelen,* 2 *H. & J.,* 64; *Repp vs. Repp,* 12 *G. & J.,* 341; *Richardson vs. Stillinger,* 12 *G. & J.,* 477; *McMechen vs. Maggs,* 4 *H. & J.,* 132.

An agreement for a mortgage gives a specific lien against creditors. An agreement that binds the conscience will be enforced against creditors. These propositions are established by the authorities above recited, as also by the following cases. *Alridge vs. Higdon,* 2 *G. & J.,* 36; *Thomas' Adm'rs vs. Von Kapff's Ex'rs,* 6 *G. & J.,* 373.

STEWART, J., delivered the opinion of the Court.

It appears that Eugene S. Calvert, on the 18th of July, 1871, gave his promissory note, for twenty-five hundred dollars, to the Freedmans' Trust Company, payable one year after date, and on the same day executed an instrument of writing, intended to be a mortgage on certain of his real property, to Daniel L. Eaton, actuary of the said Trust Company, to secure the payment of the said note.

The appellee advanced the sum of twenty-two hundred dollars to the said Calvert, on the said security, and the note and mortgage, after a credit of three hundred dollars thereon, was assigned to the appellee.

Some question was made as to the rights of the appellee under the mortgage, given to the company in the first instance, and afterwards transferred to the appellee; but we see no force in the objections.

The transaction appears throughout to have been *bona fide,* and the appellee, either as principal or as assignee,

must be treated in equity as holding all the rights and equitable liens of the mortgagee, upon the property embraced thereby.

The bill was filed to establish the validity of the mortgage, and to enforce the lien on the property, against the mortgagor and his creditors, whether prior or subsequent to its date and for a sale of the land, for that purpose.

The appellant assuming the mortgage to be defective, claims to hold a judgment on the property, subsequent to the date of the mortgage, and also as a purchaser of the land, at the sheriff's sale, subsequent to the filing of this bill, under the judgment of another creditor.

The Code, Art. 24, sec. 10, requires every deed, conveying real estate, to be signed and sealed by the grantor, and attested by at least one witness.

Under sec. 30 of the same Article, the president or other officer of a corporation may make the affidavit to a mortgage, as to the *bona fides* of the consideration required under sec. 29.

From an examination of the testimony in the cause, there can be no doubt that it was the intention of all the parties, that a valid and operative mortgage, sufficient to secure the payment of the debt, should be executed.

The mortgage in its averments and professions, purports to be a signed and sealed instrument. The mere signing of the paper without the attachment of the seal, is inconsistent with its declaration, that it was signed and sealed by the grantor.

The Commissioner who took the acknowledgment of the instrument is very positive in his recollection, that there was a seal attached to the grantor's name, when it was acknowledged.

Such is also the testimony of the appellee, and other evidence to the same effect.

Mr. Calvert the grantor does not distinctly recollect, but believes there was no seal.

Affirmative proof is entitled to more credence than negative, and there is such a preponderance of evidence that the instrument was signed and sealed independent of the declaration of the instrument itself, that we are not at liberty to disregard its force and effect, and to avoid the mortgage because of the absence or detachment of the seal after the execution and acknowledgment.

There being as we think, sufficient proof that the seal was attached to the instrument, at the time of its execution and acknowledgment; the *onus* of the proof that it was detached before it reached the clerk's office for record is thrown upon the appellant; and there is no evidence that such was the case; and it is therefore to be presumed to have been a perfect instrument when placed in the office for record, and to be so treated.

The mortgage being a valid conveyance for the purposes therein declared, the rights of the appellee thereunder must be enforced accordingly.

*Decree affirmed, and*
*cause remanded.*

(Decided 25th July, 1878.)